IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Starla Robinson, | C/A No. 0:20-1860-RMG-PJG |
| Plaintiff, | **REPORT AND RECOMMENDATION ON PLAINTIFF'S APPEAL FROM THE SOCIAL SECURITY ADMINISTRATION'S DENIAL OF SOCIAL SECURITY BENEFITS** |
| v. | |
| Andrew Saul, Commissioner of the Social Security Administration, | |
| Defendant. | ☐ Affirm<br>☒ Reverse and Remand |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  _____

☒    Disability Insurance Benefits ("DIB"):  Date last insured:  September 30, 2017

☐    Other:

Application date:  May 1, 2017

Plaintiff's Year of Birth:  1977

Plaintiff's alleged onset date:  August 22, 2016

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  May 13, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:         ☒ Plaintiff has the following severe impairments:
Degenerative disc disease and PTSD.

☐ Plaintiff does not have a severe impairment.

Step 3:         ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:         Plaintiff's Residual Functional Capacity is as follows:

[T]hrough the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant can occasionally climb ladders, ropes, scaffolds, ramps, or stairs. She can frequently stoop, crouch, kneel, or crawl. She is limited to occasional use of moving machinery and no exposure to unprotected heights. Work is limited to simple, routine, and repetitive task performed in a work environment free of fast-paced production requirements. Work should involve only simple, work-related decisions with few, if any, work place changes. The claimant is capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting. The claimant can perform simple tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday and with only occasional interaction with the public and coworkers.

☐ Plaintiff could return to his/her past relevant work.

Step 5:         ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff did not have any past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | DOT # | Exertion & Skill Level | Number of Jobs in the National Economy |
|---|---|---|---|
| Laborer, store | 922.687-058 | Medium, SVP 2 | 125,000 |
| Hand packager | 920.587-018 | Medium, SVP 2 | 90.,000 |
| General laborer | 559.667-014 | Medium, SVP 2 | 83,000 |

Date of Appeals Council decision:  March 18, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

Opinion Evidence. The opinions of Robinson's treating providers contain work-preclusive limitations which the ALJ improperly rejected. Where the ALJ improperly ignores the opinion evidence, can his decision be supported by substantial evidence?

(Pl.'s Br. at 22, ECF No. 13 at 24.)

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for recommendation.**

**Summary of Reasons**

Plaintiff challenges the ALJ's evaluation of the opinion evidence from her treating psychiatrist, Dr. Maureen Burbage. Effective March 27, 2017 the federal regulations were amended with regard to applications filed on or after March 27, 2017 to rescind the provision that a treating physician opinion must be accorded controlling weight in certain circumstances. However, although the new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources," the ALJ is still directed to weigh them pursuant to the same factors previously provided

for weighing opinion evidence.  See 20 C.F.R. § 404.1520c.[1]  The ALJs are instructed to consider and evaluate the persuasiveness of the opinion evidence considering supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion.  Id.  Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered.[2]  The ALJ may, but is not required to, explain how the other factors are considered.  Id.

Although a treating physician's opinion is no longer entitled to controlling weight, the ALJ's reasons for finding the opinion of a medical source unpersuasive still must be supported by substantial evidence.  The United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding."  Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020).  Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion."  Monroe v. Colvin, 826 F.3d 176, 190

---

[1] As an initial matter, the parties both appear to base their arguments on the rules established under 20 C.F.R. § 404.1527 rather than 20 C.F.R. § 404.1520c, which, as noted above, is applicable to the current application.  Specifically, they both discuss the limited weight the ALJ attributed to the Dr. Burbage's opinion and, to a lesser extent, the limited weight the ALJ gave to the state agency consultants' opinions.  Despite referencing § 404.1520c under the "Applicable Law" section of the ALJ's decision, the ALJ likewise appears to rely upon the previous version of the regulations in forming his analysis.

[2] "Supportability" denotes "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation."  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853, 2017 WL 168819 (Jan. 18, 2017); see also 20 C.F.R. § 404.1520c(c)(1).  "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim."  Revisions to Rules, 82 Fed. Reg. at 5853; see also 20 C.F.R. § 404.1520c(c)(2).

(4th Cir. 2016) (quoting <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015)); <u>see</u> also SSR 96-8p.  Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated.  <u>Mascio</u>, 780 F.3d 636-37.  The ALJ must "build an accurate and logical bridge from the evidence to his conclusions."  <u>Monroe</u>, 826 F.3d at 189.

As stated above, although a treating physician's opinion no longer must be given controlling weight, an evaluation of the persuasiveness of any medical opinion must nevertheless be supported by substantial evidence.  A recent case from the United States Court of Appeals for the Fourth Circuit, <u>Arakas v. Commissoner</u>, 983 F.3d 83, 98 (4th Cir. 2020), is instructive.  Although the <u>Arakas</u> Court was applying the former regulations and the so-called Treating Physician Rule, it illustrates when an ALJ's decision should be considered unsupported by substantial evidence.  Cherry-picking the records to accept only evidence that weighs against a finding of disability is not permitted, and specious inconsistencies cannot reasonably support a rejection of medical opinions or other evidence.  Also, while the ultimate conclusion about whether a claimant is disabled is reserved to the Commissioner, a medical opinion regarding limitations that would support such a conclusion must be considered.  <u>See</u>, <u>e.g</u>, <u>Arakas</u>, 983 F.3d 83, 98-99, 109-110.

Plaintiff argues that the ALJ's evaluation of Dr. Burbage's January 7, 2019 opinion is not supported by substantial evidence.  This opinion included limitations that would render Plaintiff disabled.  The ALJ summarized and evaluated Dr. Burbage's opinion as follows:

> The claimant also has a longitudinal treatment history of psychiatric treatment.  However, I attribute limited weight to the opinion rendered by treating psychiatrist Dr. Burbage.  In a mental health functional assessment, treating psychiatrist Dr. Burbage noted that the claimant's PTSD impairs her ability to trust and interact with others.  Criticism or stress leads to decompensation in mood and anxiety.  Depending on the environment, the claimant can easily decompensate and

dissociate and therefore lose her ability to appropriately interact and function. The claimant would likely take an excessive number of work breaks if she is working in a public place. Despite her improved focus, her mental impairments interfere with her ability to complete a normal eight-hour workday. She would likely be absent from work more than four days a month (Exhibit 6F).

In attributing limited weight to Dr. Burbage's opinion, I find that she has a longitudinal treatment history with the claimant and is familiar with the claimant's symptoms and limitations. However, the opinion is not fully supported by examination findings and or consistent with the weight of the objective medical evidence. Dr. Burbage rendered several findings that appear supported by her treatment record, discussed below. For instance, she opined that the claimant is able to frequently follow rules, use judgment, interact with supervisors, function independently, and maintain attention/concentration. Dr. Burbage opined that the claimant's anxiety leads to poor focus; however, she shows improvement and is less emotionally labile when on a stimulant. She is frequently able to understand, remember and carry out complex, detailed or simple job instructions. She can occasionally relate to co-workers, deal with the public, deal with work stresses, behave in an emotionally stable manner and relate predictably in social situations. The claimant can constantly maintain personal appearance. However, Dr. Burbage notes several limitations that would render the claimant disabled, such as excessive workplace absences and breaks throughout the workday. These limitations are inconsistent with Dr. Burbage's treatment record, which documents a steady improvement in symptoms, and the other medical evidence, which regularly documents a normal mood, affect and behavior (see Exhibit 1F).

(Tr. 18-19.)

As pointed out by Plaintiff, in noting a "steady improvement" in symptoms and normal mental status, the ALJ appears to have cherrypicked the evidence and ignored treatment records supporting Dr. Burbage's opinion. Plaintiff argues that even the medical records upon which the ALJ relies as well as other medical records not discussed or cited in the ALJ's opinion demonstrate ongoing limitations and symptoms that wax and wane. For example, Plaintiff points to the ALJ's opinion which states that "[o]n August 21, 2017, the claimant reported [to Dr. Burbage] doing much better. She is able to handle her anxiety and participate in activities at church. She also reported fewer flashbacks." (Tr. 19.) However, Plaintiff argues that the ALJ did not acknowledge that this statement was qualified by the Plaintiff as follows: "*as long as her husband is in sight*

she is able to handle her anxiety and participate in activities on behalf of her church." (Tr. 376) (emphasis added). Additionally, during that appointment, Plaintiff reported sleeping only 4-5 hours a night and waking intermittently, and Dr. Burbage noted Plaintiff's mood was "anxious but much improved." (Id.)

Belying the ALJ's statement of steady improvement, the following records issued during the relevant period and not acknowledged or discussed by the ALJ demonstrate (1) an October 19, 2017 appointment at which Dr. Burbage noted Plaintiff's mood and affect were anxious, increased Plaintiff's bedtime dosage of prazosin for nightmares, and added a morning dose of prazosin for hyperarousal (Tr. 382); (2) a November 16, 2017 appointment at which Plaintiff reported her nightmares and sleep had improved, but reported "still having difficulty being around crowds or appropriately interacting with others when under stress" and at which Dr. Burbage noted Plaintiff was "[p]ositive for decreased concentration" (Tr. 389); and (3) a March 5, 2018 appointment at which Plaintiff reported her mood had worsened and Dr. Burbage noted Plaintiff was "[p]ositive for dysphoric mood" (Tr. 404). Thus, it is unclear if the ALJ considered many of Plaintiff's records that demonstrate ongoing limitations, and therefore the court cannot say that the ALJ's opinion is supported by substantial evidence. See Testamark v. Berryhill, 736 F. App'x 395, 398-99 (4th Cir. 2018) (noting that symptoms of mental illness may wax and wane over the course of treatment).

Plaintiff also takes issue with the ALJ's statement that the limitations opined by Dr. Burbage were inconsistent with the other medical evidence, "which regularly documents a normal mood, affect and behavior (see Exhibit 1F)." (Tr. 19.) As argued by Plaintiff, the ALJ relies upon an orthopedic record in which Plaintiff complained of constant, sharp pain in her right shoulder to point to a single notation that Plaintiff exhibited normal mood, affect, and behavior. (Tr. 278-

288.) Plaintiff argues that this finding by the ALJ is unreasonable as a single visit with Plaintiff's orthopedist indicating a normal mental state "is not unusual or proof that Dr. Burbage's expert opinions were entitled to less weight." (Pl.'s Br., ECF No. 13 at 27.) The court agrees.

Based on all the foregoing evidence, the court cannot find the ALJ's reasons for finding Dr. Burbage's opinion unpersuasive to be supported by substantial evidence. For the reasons discussed above, the ALJ has failed to explain how the evidence supports his conclusion and meaningful review is frustrated. See Monroe, 826 F.3d at 190; Mascio, 780 F.3d 636-37. Therefore, the court is constrained to remand this matter for further consideration of Dr. Burbage's opinion.

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present her remaining arguments concerning the ALJ's alleged errors on remand.

## RECOMMENDATION

**It is recommended that this matter be**

☐   **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒   **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐   **Reversed and remanded for an award of benefits.**

_____
May 25, 2021                                       Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).